**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ARKANSAS BLUE CROSS AND BLUE SHIELD,**
**A MUTUAL INSURANCE COMPANY AND**
**USABLE CORPORATION**                                     **PLAINTIFFS**

**VS.**                            **4:07CV813 JMM**

**ST. VINCENT INFIRMARY MEDICAL CENTER,**
**LITTLE ROCK CARDIOLOGY CLINIC, P.A., AND**
**LITTLE ROCK HMA, INC. d/b/a SOUTHWEST**
**REGIONAL MEDICAL CENTER**                         **DEFENDANTS**

## ORDER GRANTING MOTION TO DISMISS

Pending is Defendants'[1] Motion to Dismiss pursuant to Rule 12(b)(6) or, in the alternative, Rule 12(b)(1).  Plaintiffs have responded.  For the reasons set forth below, the motion is GRANTED.

### Background

On January 31, 1997, this Court entered an order permanently enjoining enforcement of the Arkansas Any Willing Provider statute ("AWP") on the grounds that the statute was preempted by ERISA.  *See Prudential Ins. Co. Of America v. National Park Medical Center, Inc.,* 964 F. Supp. 1285 (E.D. Ark. 1997)("*Prudential*").  On March 17, 1997, the Court entered an amended order stating the AWP statute was preempted only as it related to ERISA plans.  On appeal, the Eighth Circuit held that the AWP statute was preempted in its entirety by ERISA, not just as it related to ERISA plans.  *Prudential Ins. Co. Of America v. National Park Medical Center, Inc.,* 154 F.3d 812 (8th Cir. 1998).  Pursuant to the Eighth Circuit's mandate, the Court entered an injunction that enjoined enforcement of the AWP statute in its entirety.

---

[1] Defendants will be referred to throughout this Order as the "Providers."

On April 2, 2003, the United States Supreme Court held that Kentucky's any willing provider legislation, which is similar to Arkansas' AWP statute, was not preempted by ERISA. *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003).  On August 19, 2003, Arkansas Blue Cross and Blue Shield ("BCBS") and USAble filed suit in federal district court against the Providers seeking a "declaratory judgment that the final judgment and permanent injunction entered [in *Prudential*] . . . remains valid and in effect , and is res judicata, entitling [BCBS and USAble] . . . to rely on the final judgment and permanent injunction in the conduct of their business. . . ."  *Ark. Blue Cross and Blue Shield v. St. Vincent Inf. Med. Ctr.,* 4:03CV00662 JLH ("*Blue Cross I*").  The Providers filed counterclaims for damages pursuant to Ark. Code Ann. § 23-99-207, based on their exclusion from provider networks connected with BCBS and USAble. The case was stayed by Judge Holmes pending the resolution of *Prudential*.

On February 12, 2004, this Court granted a Rule 60(b)(5) motion prospectively dissolving the permanent injunction entered in *Prudential* based upon the Supreme Court's ruling in *Ky. Ass'n of Health Plans, Inc. v. Miller*.  The order was stayed pending the resolution of the appeal to the Eighth Circuit.  On June 29, 2005, the Eighth Circuit affirmed the order dissolving the injunction.  *See Prudential Ins. Co. Of Am. v. Nat'l Park Med. Ctr.*, 413 F.3d 897 (8th Cir. 2005)("*Prudential II*").  On August 2, 2005, this Court prospectively lifted the injunction against enforcement of the AWP statute except with respect to (1) self-funded ERISA plans and (2) the civil penalties provisions of Ark. Code Ann. § 23-99-207 as far as any action that could have been brought under ERISA § 502.

On October 14, 2005, Judge Holmes lifted the stay in *Blue Cross I*.  The parties submitted cross motions for judgment on the pleadings.  On March 27, 2006, Judge Holmes

2

entered an order holding that *Prudential II* "disposed of all or nearly all of the claims" asserted in *Blue Cross I* and some of the claims asserted in the counterclaims.  In one of their counterclaims, the Providers sought compensatory damages pursuant to Ark. Code Ann. § 23-99-207, as it existed before it was amended by Act 960 of 2005.   BCBS and USAble argued that principles of equity barred a claim for damages for noncompliance with the AWP statute while its enforcement was enjoined.  Judge Holmes found that the counterclaim arose under Arkansas law, not under the Constitution or laws of the United Sates.  Further, because the counterclaim and defense were novel and complex issues of state law and they involved significant issues of Arkansas public policy, the Court declined to exercise supplemental jurisdiction over them.  The counterclaims were dismissed without prejudice.  *Ark. Blue Cross and Blue Shield v. St. Vincent Infirmary Med. Ctr.,* 2006 WL796949 (E.D. Ar. 2006).

On April 22, 2006, the Providers filed suit in the Circuit Court of Pulaski County, Arkansas against BCBS and USAble for damages sustained as a result of BCBS and USAble's refusal to allow the Providers to participate in health benefit plans offered by BCBS and USAble and for violations of the AWP statute during the time that this Court enjoined the enforcement of the statute.  Subsequently, BCBS and USAble filed the instant action in federal court under the All Writs Act, 28 U.S.C. § 1651, seeking to enjoin the Providers from prosecuting the state court action against them.

The Providers have filed a Motion to Dismiss pursuant to Rule 12(b)(6) because they contend the case is barred by res judicata and collateral estoppel.  In the alternative, the Providers claim that the Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  Finally, the Providers ask the Court to abstain from proceeding in this case

in view of the pending state court litigation.

Res Judicata and Collateral Estoppel

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   The Court must take a plaintiff 's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995).  Thus the issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately prevail. *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir. 1974)).

The Providers contend that res judicata bars the claims asserted by BCBS and USAble. Res judicata applies to prevent repetitive suits involving the same cause of action. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001).

> There are three elements this court must consider to determine whether res judicata will bar a party from asserting a claim: (1) whether the prior judgment was entered by a court of competent jurisdiction; (2) whether the prior decision was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. If the three elements are met, the parties are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers,* 440 F.3d 1038, 1042 (8th Cir. 2006)(internal citations omitted).

4

The Providers contend that Judge Holmes rendered a full and final judgment in *Blue Cross I* specifically rejecting the claims of the BCBS and USAble.  BCBS and USAble argue, however, that Judge Holmes expressly declined to decide whether the *Prudential* injunction bars an award of money damages to the Providers when he dismissed that "state law" claim without prejudice.  Moreover, BCBS and USAble argue that the issue in the instant case is different from the issue presented to Judge Holmes.  Plaintiffs here seek relief under the All Writs Act to enjoin prosecution of the *Blue Cross II* case pending in state court.  At the time Judge Holmes ruled in *Blue Cross I*, there was no state court action to enjoin.  Therefore he could not have ruled on the issue.

The Court finds that res judicata does not apply to the instant case.  Judge Holmes did not make a final judgment on the issue of whether the Providers could maintain an action for damages against BCBS or USAble based on their refusal to allow the Providers to participate in health care plans or asserted violations of the AWP.  Judge Holmes specifically stated that he would not make a decision on the merits of the Providers' claim.   "Count II [which] seeks compensatory damages pursuant to Ark. Code Ann. § 23-99-207, as it existed before it was amended by Act 960 of 2005 . . ., arises under Arkansas law, not under the Constitution or laws of the United States.  Out of respect for the principles of federalism and for the courts of the State of Arkansas, this Court will exercise its discretion under 29 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction with respect to the claims for monetary damages asserted by these Arkansas medical care providers against these Arkansas insurers."  *Ark. Blue Cross and Blue Shield v. St. Vincent Infirmary Med. Ctr.,* 2006 WL 796949, *4 (E.D. Ar. 2006).

Further, the Court finds that the same cause of action is not involved in both cases.  The

instant case is about whether the Court should enjoin the Providers from prosecuting *Blue Cross II* pursuant to the All Writs Act.  The counterclaim in Blue *Cross I* was about whether the Providers should be awarded damages resulting from alleged violations of the AWP statute. Consequently, the causes of action are different.  For these reasons, the Court finds that res judicata does not bar BCBS and USAble from pursuing the instant action against the Providers. *See Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers,* 440 F.3d 1038 (8th Cir. 2006).

The Providers also argue that collateral estoppel should bar the instant action because the issues here are identical to the issues in *Blue Cross I.*  A court applies the doctrine of collateral estoppel when:  1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action. *Id.* at 1044 (citing *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168 (8th Cir. 1989)).  As stated, the Court finds that the causes of action are different and there was no final adjudication on the merits of the Providers' counterclaim in *Blue Cross I.*  Therefore, collateral estoppel does not bar the instant action.

<u>Subject Matter Jurisdiction</u>

Plaintiffs contend that the Court has subject matter jurisdiction pursuant to the All Writs Act and the Court's inherent authority to enforce its judgments.  Specifically, Plaintiffs argue that the Court had subject matter jurisdiction over *Prudential* and that jurisdiction continues to allow the Court to enforce the injunction entered in that case.  (Pl's Resp. to Motion to Dismiss,

p. 19).         The Anti-Injunction Act provides that a "court of the United States may not grant

an injunction to stay proceedings in a state court except as expressly authorized by Act of

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment."

28 U.S.C. § 2283.  The Supreme Court has interpreted the Act as "an absolute prohibition

against enjoining state court proceedings, unless the injunction falls within one of three

specifically defined exceptions" included in the language of the statute.  *Canady v. Allstate Ins.*

*Co.,* 282 F.3d 1005, 1013 -1014 (8th Cir. 2002)(quoting *Atlantic Coast Line R.R. v. Locomotive*

*Eng'rs*, 398 U.S. 281, 286-87, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)).

        Plaintiffs argue that this case fits within the "relitigation" exception to the Anti-

Injunction Act.  The relitigation exception applies when an injunction is "necessary to protect or

effectuate the federal court's judgments."  *NBA v. Minnesota Prof. Basketball, Ltd. P'ship*, 56

F.3d 866, 871 (8th Cir. 1995); *see* 28 U.S.C. § 2283.  The relitigation exception rests upon the

"well-recognized concepts of res judicata and collateral estoppel," and therefore permits federal

courts to "enjoin a state court from litigating claims and issues that the district court has already

decided." *Canady*, 282 F.3d at1014 (internal citations omitted).

        The relitigation exception, however, does not apply in this case because neither the Court

in *Prudential* or in *Blue Cross I* made a final ruling on the instant issue.  Further, *Prudential* did

not involve all of the same parties as the instant case.  In *Prudential*, this Court found that the

AWP was pre-empted by ERISA and enjoined the State of Arkansas from enforcing the AWP

statute from January 31, 1997 to August 2, 2005.  In the state court action, the Providers seek

damages from BCBS and USAble for their refusal to allow the Providers to be included in the

BCBS and USAble healthcare networks.  Although a federal court has the authority to enforce its

7

injunctions, this theory "does not support jurisdiction of a court to issue 'an injunction to enforce an order the . . . court did not make.'" *In re Mooney*, 730 F.2d 367, 374 (5th Cir. 1984).

Plaintiffs cite *Bryan v. Bellsouth Communications, Inc.,* 492 F.3d 231, 236 (4th Cir. 2007), *Phillips Beverage Co. v. Belvedere S.A.*, 204 F.3d 805, 806 (8th Cir. 2000), and *In re Mooney*, 730 F.2d 367, 374 (5th Cir. 1984) in support of this contention.  However, each of these cases can be distinguished from the instant case.

In *Bryan*, the district court entered an injunction under the All Writs Act to enjoin state court litigation after the district court's dismissal *with prejudice of the same claim.*  In *Phillips Beverage*, the district court ordered a party to withdraw its pending application before Customs after the court had explicitly ruled that the party could not import bottles because of an alleged copyright infringement.  Again, the case involved the same parties and the same issues which the district court had previously heard.  In *In re Mooney,* the Fifth Circuit found that a bankruptcy court did not have jurisdiction to enjoin litigation regarding assets previously sold in the bankruptcy court's order of sale.  The Fifth Circuit, in dicta, noted "While, as we have pointed out above, the Anti-Injunction Act is not a grant of jurisdiction, no independent basis of jurisdiction is required for a federal court to entertain an application to enjoin relitigation in state court.  The jurisdiction that the federal court had when it entered its original judgment is enough to supports its issuance of an injunction." *Id.* at 374.  The court held, however, that this theory "does not support jurisdiction of a court to issue 'an injunction to enforce an order the bankruptcy court did not make.'" *Id.*

Moreover, the Court is mindful that "whatever doubts we may have are strongly affected by the general prohibition of § 2283.  Any doubts as to the propriety of a federal injunction

8

against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." *In re Federal Skywalk Cases* , 680 F.2d 1175, 1183 (8th Cir. 1982)(quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 296-97, 90 S.Ct. 1739, 1747-48, 26 L.Ed.2d 234 (1970)).

For these reasons, the Court finds that there is no subject matter jurisdiction over this case.  The Defendants' Motion to Dismiss (Docket # 12) is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 5th day of December 2007.

James M. Moody
United States District Judge